| | | |
|---|---|---|
| STATE OF INDIANA | ) | GRANT SUPERIOR COURT NO. 3 |
| | ) | |
| COUNTY OF GRANT | ) | CAUSE NO.: 27D03-2103-CT- |

ANDREA JO DEBRULER,
    Plaintiff,

-VS-

RACHELE LYNN HERRERA,
FIDELITY INVESTMENTS, LLC,
CIGNA (now purchased by New York
Life Group Benefits Solution), and
NATIONAL FINANCIAL SERVICES, LLC,
    Defendants.

## COMPLAINT

### Count I

Comes now the Plaintiff, Andrea Jo DeBruler, by counsel, Donald K. McClellan, McClellan & McClellan, and Douglas D. Martz, Attorney At Law, and complains of the Defendant, Rachele Lynn Herrera, and by way of Count I of the Complaint, alleges and says:

1. That the Plaintiff and the Defendant, Rachele Lynn Herrera, are sisters and the sole heirs of law of Russell Eugene Cochran, Jr., who died intestate on October 21, 2020, while domiciled in Grant County, Indiana.

2. That the Defendant, Rachele Lynn Herrera, exercised undue influence over her father, Russell Eugene Cochran, Jr., in securing a change of beneficiary in her favor of property that belonged to Russell Eugene Cochran, Jr., namely, Fidelity Investments LLC, 900 Salem Street, Smithfield, RI 02917 (Account No. Y90-944978); Cigna (now purchased by New York Life Group Benefits Solution), Mail Service Center, PO Box 29221, Phoenix, AZ 85038-9221 (Account No. unknown at this time); and National Financial Services LLC,

EX A

PO Box 28016, Albuquerque, NM 87125-8016 (Account No. unknown at this time).

3. That at the time of the change in beneficiary of the three accounts, the 401K Retirement Account through Fidelity Investments LLC, the Life Insurance Policy through Cigna, and the Life Insurance Policy through National Financial Services LLC that Russell Eugene Cochran, Jr., was incompetent to make such a change in beneficiary.

4. That the Plaintiff respectfully requests that the change of beneficiary of the three accounts, namely, the 401K Retirement Account through Fidelity Investments LLC, the Life Insurance Policy through Cigna, and the Life Insurance Policy through National Financial Services LLC, and be set aside since at the time of the change the now decedent Russell Eugene Cochran, Jr., was incompetent and/or under the undue influence of the Defendant, Rachele Lynn Herrera, to render the change of beneficiary void.

WHEREFORE, pursuant to Count I, the Plaintiff, Andrea J. DeBruler, respectfully requests the Court set aside the change of beneficiaries by her father, Russell Eugene Cochran, Jr., to Rachele Lynn Herrera for Fidelity Investments LLC, Cigna (now purchased by New York Life Group Benefits Solution), and National Financial Services LLC, and all other proper relief.

**Count II**

Comes now the Plaintiff, Andrea Jo DeBruler, by counsel, Donald K. McClellan, McClellan & McClellan, and Douglas D. Martz, Attorney At Law, and complains of the Defendants, Fidelity Investments LLC, Cigna (now purchased by New York Life Group Benefits Solution), and National Financial Services LLC, and by way of Count II of the

EX A

Complaint, alleges and says:

1. That the Plaintiff, Andrea Jo DeBruler, incorporates herein and makes a part hereof Count I of her Complaint.

2. That Russell Eugene Cochran, Jr., upon his death on October 21, 2020, held a 401K Retirement Account from his employment with Red Gold in Elwood, Indiana, that is managed by Fidelity Investments LLC (Account No. Y90-944978).

3. That Russell Eugene Cochran, Jr., upon his death on October 21, 2020, had a life insurance policy through Cigna (now purchased by New York Life Group Benefits Solution) (Account No. unknown at this time) and also had a Life Insurance Policy through National Financial Services LLC (Account No. Unknown at this time).

4. That prior to Russell Eugene Cochran's death, a change of beneficiary was executed benefitting the Defendant, Rachele Lynn Herrera, in this case.

5. That the Plaintiff, Andrea Jo DeBruler, alleges in Count I that at the time of the change of beneficiary the now decedent, Russell Eugene Cochran, Jr., was incompetent and/or under the undue influence of Rachele Lynn Herrera.

6. That the three Defendants named in Count II, Fidelity Investments LLC, Cigna (now purchased by New York Life Group Benefits Solution), and National Financial Services LLC, hold funds over which the Defendant, Rachele Lynn Herrera is also claiming an interest.

7. Ind.T.R. 22 provides that a party exposed to multiple claims over funds may be released from liability by depositing the amount claimed with the Court.

EX A

WHEREFORE, the Plaintiff, Andrea Jo DeBruler, respectfully requests the Court find in favor of the Plaintiff and issue judgment against the Defendants, Fidelity Investments LLC, Cigna (now purchased by New York Life Group Benefits Solution), and National Financial Services LLC, for the benefits they hold for the decedent, Russell Eugene Cochran, Jr., or alternatively, request these Defendants deposit the funds they are holding to the Grant Superior Count No. 3 Clerk or as the Court directs and all other proper relief.

Respectfully submitted,
*Attorneys for Plaintiff*

McCLELLAN & McCLELLAN


/s/ Donald K. McClellan
Donald K. McClellan, (#10045-18)

400 N. High Street, Suite 200
Muncie, Indiana   47305
(765)   288-7746


/s/ Douglas D. Martz
Douglas D. Martz, (#18783-27)

1330 W. 1st Street
Marion, IN 46952
(765) 664-8807

EX A