# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANDREA JO DEBRULER )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RACHELE LYNN HERRERA, FIDELITY )<br>INVESTMENTS, LLC., CIGNA (now purchased )<br>by New York Life Group Benefits Solution), )<br>And NATIONAL FINANCIAL SERVICES, )<br>LLC, )<br>)<br>    Defendants. )<br>)<br>) | CASE NO.1:21 CV 138 HAB-SLC |

## OPINION AND ORDER

Before the Court is a request, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii),[1] to voluntarily dismiss with prejudice Defendant, CIGNA. (ECF No. 11). Rule 41(a)(1)(A)(ii), permits a plaintiff to "dismiss an action without a court order by filing ... a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). The Seventh Circuit has explained that Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)). As such, a Rule 41(a) stipulation that does not dispose of the entire case is improper. *See id.* at 258 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

---

[1] The parties do not expressly cite to Fed.R.Civ.P. 41 but it appears from the filing that a voluntary dismissal under the federal rules is their intention.

The Stipulation filed in this matter is deficient as it makes clear that dismissal of CIGNA would not dispose of the entire case. In fact, the Stipulation states "Plaintiff ANDREA JO DEBRULER's claims against Defendants RACHELE LYNN HERRERA, NATIONAL FINANCIAL SERVICES, LLC, and FIDELITY INVESTMENTS, LLC shall remain pending." (ECF No. 11). According to the Seventh Circuit, Rule 41(a) is not the proper vehicle for dropping individual parties or claims. If Plaintiff desires, instead, to amend her complaint under Federal Rule of Civil Procedure 15(a) to remove claims against CIGNA, leave is so granted. Plaintiff shall have fourteen (14) days to file an Amended Complaint consistent with this Order if that is how Plaintiff intends to proceed. Currently, this action remains pending as to all parties.

## CONCLUSION

For the reasons stated above, the Stipulation to Dismiss (ECF No. 11), has no effect and will be termed as a pending motion on the Court's docket.

SO ORDERED on June 22, 2021.

                                          s/ *Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT