UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREA JO DEBRULER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.1:21 CV 0138 HAB-SLC |
| | ) |
| RACHELLE LYNN HERRERA, FIDELITY INVESTMENTS, LLC., and NATIONAL FINANCIAL SERVICES, LLC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER REMANDING CASE

Following Plaintiff's father's death, Plaintiff filed a state court complaint in Grant County Superior Court against her sister, Rachelle Herrera (Herrera), and the custodians of certain employee benefit and life insurance accounts. Plaintiff asserts that her sister exercised undue influence over their father prior to his passing to secure changes of beneficiary over the accounts. Life Insurance Company of North America (CIGNA) (incorrectly sued as CIGNA), pursuant to 28 U.S.C. § 1441(a), removed the case to this Court. In doing so, CIGNA invoked this Court's federal question jurisdiction contending that its policy was a Group Employee Benefit Plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et seq*. The Notice of Removal further reflected that this Court had supplemental jurisdiction over the state law claims.

After the case was removed, Plaintiff and CIGNA attempted a stipulated dismissal of fewer than all the parties under Fed.R.Civ.P. 41. (ECF No. 11). Noting that this was an improper attempt to dismiss a single party under the federal rules, this Court granted Plaintiff leave to file an amended complaint. (ECF No. 12). Plaintiff did so. (ECF No. 15).  The amended complaint

removed CIGNA as a defendant in this action and, in turn, the basis for federal question jurisdiction. Plaintiff has now moved to remand the case to Grant County Superior Court on the basis that federal jurisdiction is lacking.

A defendant may remove a case filed in state court that could have been filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating the propriety of removal, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The Court may remand a case for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c).

As set out above, this case was properly removed in the first instance based on federal question jurisdiction. However, since removal, Plaintiff has amended her complaint and the removing party is no longer a party to the action. The amended complaint on its face fails to articulate any basis for federal subject matter jurisdiction. No federal question is set forth on the face of the Complaint and complete diversity of citizenship is lacking. For this reason, the Court REMANDS the case, original cause no. 27D03-2103-CT-16 to Grant County Superior Court.

## **CONCLUSION**

Plaintiff's Motion to Remand (ECF No. 18) is GRANTED. This cause is REMANDED to the Grant County Superior Court.

SO ORDERED on January 20, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT